UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSHUA LEE DARLY MOORE, | Civil No. 11-522 (MJD/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| JESSICA SYMMES, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Minnesota Correctional Facility in Oak Park Heights, Minnesota. He is currently serving a 250-month prison sentence, which was imposed by the state district court for Hennepin County, Minnesota, on March 17, 2004. Petitioner was sentenced pursuant to the terms of a plea agreement, by which he pled guilty to

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"unintentional second degree murder." (Petition, [Docket No. 1], p. 1, ¶s 1-5.)

Petitioner did not file a direct appeal after he was convicted and sentenced. Moore v. State, No. A10-477 (Minn.App. 2010), 2010 WL 4286275 at *1 (unpublished opinion), rev. denied, Jan. 18, 2011. However, in October 2009, Petitioner filed a motion in the trial court, which was treated as a motion for post-conviction relief. Id. In that motion, Petitioner argued that his sentence should be vacated, because it constituted an "upward departure," (i.e., it exceeded the sentence contemplated by the state sentencing guidelines), that was based on factual determinations made by the trial court judge without a jury. Petitioner claimed that his sentence contravened the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).

The trial court judge denied Petitioner's post-conviction motion, because it was time-barred under state law, and because it was found to be without merit in any event. Moore, 2010 WL 4286275 at *1. Petitioner appealed, and the Minnesota Court of Appeals upheld the trial court's ruling. Id. Petitioner applied to the Minnesota Supreme Court for further review of his claims, but that application was denied on January 18, 2011. Id.

Petitioner's current habeas corpus petition was filed on March 2, 2011. In this case, Petitioner is once again claiming that his sentence should be vacated pursuant to Blakely. However, Petitioner's Blakely claim cannot be addressed on the merits here, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, nor is there any suggestion that Petitioner's current claim is based on any new evidence that could extend the deadline for seeking federal habeas corpus relief.

The Court also finds that § 2244(d)(1)(C) does not apply here, even though Petitioner's current habeas claim is squarely based on the Supreme Court's decision in <u>Blakely</u>, and that decision was not handed down until after Petitioner had been sentenced.[2]

---

[2]  Petitioner was sentenced on March 17, 2004, and <u>Blakely</u> was handed down on June 24, 2004.

The federal habeas statute of limitations did not begin to run when Blakely was decided, pursuant to § 2244(d)(1)(C), because Blakely did not establish a new rule of constitutional law that has been made retroactively applicable to cases on collateral review.  While Blakely did establish a new rule of constitutional law, (i.e., that most factual determinations pertaining to sentencing must be made by a jury, rather than a judge alone), that new rule is not retroactively applicable on collateral review.  Alexander v. Addison, 164 Fed.Appx. 780, 781 (10th Cir.) (unpublished opinion), cert. denied, 127 S.Ct. 64 (2006); Paige v. Birkett, No. 05-CV-71917-DT (E.D.Mich. 2006), 2006 WL 273619 at *3; Hanna v. Jeffreys, No. 2:05-CV-727 (S.D.Ohio 2006), 2006 WL 462357 at *6; Johnson v. Briley, No. 03 C 4571, (N.D.Ill. 2005), 2005 WL 309537 at *3.  Because Blakely is not retroactively applicable on collateral review, the one-year statute of limitations period did not begin to run in this case, (pursuant to § 2244(d)(1)(C)), when Blakely was decided.  See Sanders v. Symmes, Civil No. 06-4854 (ADM/FLN), (D.Minn. 2007), 2007 WL 627853 at *5, n. 3.[3]

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner is challenging a judgment of conviction and sentence entered on March 17, 2004. Because

---

[3] Even if Blakely did alter the date when the statute of limitations began to run in this case, the current petition still would be time-barred.  Blakely was decided on June 24, 2004, so if that decision were retroactively applicable on collateral review, then, pursuant to § 2244(d)(1)(C), the statute of limitations (for Blakely claims) could not begin before that date. However, even if the statute of limitations did not begin to run in this case until June 24, 2004, the one-year limitations period would have expired on June 24, 2005.  Thus, the current petition – which was not filed until March 2011 – would still be clearly time-barred. (For reasons discussed below, the tolling provision of 28 U.S.C. § 2244(d)(2) could not save the current petition from being untimely under any colorable contention as to when the statute of limitations began to run. See Discussion at pp. 5-7, infra.)

Petitioner did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[i]n felony and gross misdemeanor cases, an appeal by the defendant must be filed within 90 days after final judgment or entry of the order being appealed." Minn.R.Crim.P. 28.02, subd. 4(3)(a). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was June 15, 2004, (90 days after entry of the judgment of conviction and sentence), and that is the date when the one-year statute of limitations began to run in this case. The deadline for seeking federal habeas corpus relief expired one year later, on June 15, 2005.[4] Petitioner did not file his current petition, however, until March 2, 2011 -- nearly six years after the limitations period had expired.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

---

[4] As noted above, (see n. 3, supra), even if Blakely were retroactively applicable, and even if Blakely did therefore delay the starting date for the statute of limitations in this case, the statute still would have begun to run in June 2004, (when Blakely was decided), and the statute still would have expired in June 2005. Therefore, as a practical matter, it makes no difference whether the statute of limitations began to run when Petitioner's judgment of conviction became final (pursuant to § 2244(d)(1)(A)), or when Blakely was decided, (pursuant to § 2244(d)(1)(C)). Either way, the federal statute of limitations began to run sometime in June 2004, and the one-year limitations period expired sometime in June 2005.

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he filed his post-conviction motion in the trial court. The statute of limitations expired in June 2005, and Petitioner did not file his post-conviction motion until October 2009. Thus, the federal statute of limitations had already expired several years before the post-conviction motion was filed. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("by the time [petitioner] filed his state court application [for post-conviction relief]... there was no federal limitations period remaining to toll, and the petition was properly dismissed as time-barred"). In short, the tolling provision cannot save the present petition from being time-barred, because "[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired." Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until all of his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, in June 2005, it could not thereafter be

restarted by Petitioner's subsequent post-conviction motion.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it

impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is untimely. The judgment that Petitioner is challenging became "final" for purposes of § 2244(d)(1)(A), and the one-year statute of limitations began to run, when the deadline for filing a direct appeal expired on June 15, 2004. The statute of limitations expired one year later, on June 15, 2005, but Petitioner did not file his current federal habeas corpus petition until nearly six years thereafter. Furthermore, the tolling provision of § 2244(d)(2) cannot help Petitioner in this case, because he did not file his state post-conviction motion until October 2009, by which time the federal statute of limitations had long since expired. Petitioner has not requested equitable tolling, and the Court can find no reason to believe that equitable tolling could be applicable here. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be dismissed with prejudice pursuant to Rule 4 of the Governing Rules.

### IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: March 7, 2011

      s/ Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 21**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen

days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.